## People v. Horatio Pratt.

*Quo warranto: Default: Stipulation: Attorney General.*  When a default is entered in *quo warranto*, no issue of fact can be framed, until the default is set aside.

And where a stipulation, signed by relator and respondent, was filed previous to the default, but afterwards signed by the Attorney General, it was held that as it would only be admissible as evidence upon proper issue, the entry of the default might operate as a withdrawal of it, and the subsequent signature of the Attorney General could not of itself operate to open the case or hold respondent to the agreement.

*Heard and Decided October 8th.*

*Quo warranto.*

This was a motion to strike the cause from the docket.

It appeared that an information was duly filed, and also an answer thereto, setting up a defense upon the merits. A stipulation was afterwards signed by the relator and respondent, but not by the Attorney General, admitting the facts.

No replication being filed, the default of the Attorney General was entered. The Attorney General afterwards, but without leave of respondent, signed the stipulation.

*A. Blair*, for the motion.

*Wm. L. Stoughton*, Attorney General, contra.

The Court held that the cause could not be heard upon any statement of facts not in issue, and that until the default should be set aside no such issue could be framed.

Held also, that inasmuch as the stipulation was only admissible as evidence upon a proper issue, the entry of default by respondent on failure of the prosecution to take issue on his plea, might operate as a withdrawal of it, and the subsequent signature of the Attorney General could not of itself operate to open the case, or to hold respondent to the agreement.